UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-12273-ODW (ADSx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | *Daniel Alejandro Marin v. Jaime Rios et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**                          **In Chambers**

Presently before the Court is Petitioner Daniel Alejandro Marin's Motion for a Temporary Restraining Order. (TRO, Dkt. No. 22.)

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

In his TRO, Marin argues that he is likely to succeed on the merits of his due process claim. (TRO 11–16.) Notably, Marin also raises a due process claim in the underlying petition, which has been fully briefed and will soon find resolution once Judge Spaeth issues her Report and Recommendation. (*See* Pet., Dkt. No. 1; Reply, Dkt. No. 6.) However, Marin does not address why the Court should not wait for Judge Spaeth's Report and Recommendation, which would likely moot the TRO. (*See generally* TRO.) More importantly, the Court doubts Marin demonstrates likelihood of success on the merits, especially considering Judge Spaeth has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-12273-ODW (ADSx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | *Daniel Alejandro Marin v. Jaime Rios et al* | | |

indicated that the Petition may be moot and that Marin makes no effort to discuss, in his TRO, why the Petition is not moot.  (Order Show Cause, Dkt. No. 10; *see generally* TRO.)

    As Marin fails to meet his heavy burden to demonstrate entitlement to a TRO, the Court **DENIES** the TRO **WITHOUT PREJUDICE**.  (Dkt. No. 22.)

    **IT IS SO ORDERED**.

_____  :  ___00___

Initials of Preparer    SE   _____